1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHANDRA KISHOR,

11           Petitioner,              No. CIV S-10-3101 MCE CKD P

12       vs.

13   GARY SWARTHOUT,

14           Respondent.             FINDINGS & RECOMMENDATIONS

15   _____/

16           Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus under 28 U.S.C. § 2254.  Petitioner raises a due process challenge to the decision of the

18   California Board of Parole Hearings (hereinafter "Board") to deny him parole at his parole

19   consideration hearing held on January 14, 2010.  He also claims that changes to California Penal

20   Code § 3041.5(b)(2), known as "Marcy's Law," were applied to him "illegally, in retaliation."

21   Respondent has filed a motion to dismiss, arguing that petitioner has no claim for federal habeas

22   relief after the Supreme Court's decision in <u>Swarthout v. Cooke</u>, 562 U.S. ___ , 131 S. Ct. 859

23   (2011), and that petitioner has stated no claim regarding the application of Marsy's Law to his

24   eligibility for parole.  The motion has been fully briefed.  Upon careful consideration of the

25   record and the applicable law, the undersigned will recommend that petitioner's application for

26   habeas corpus relief be dismissed.

1

PROCEDURAL BACKGROUND

ANALYSIS

I.  <u>Standards of Review Applicable to Habeas Corpus Claims</u>

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts.  <u>See</u> <u>Peltier v. Wright</u>, 15 F.3d 860, 861 (9th Cir. 1993); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the interpretation or application of state law.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000); <u>Middleton</u>, 768 F.2d at 1085.  Habeas corpus cannot be utilized to try state issues <u>de novo</u>.  <u>Milton v. Wainwright</u>, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997); <u>Clark v. Murphy</u>, 331 F.3d 1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

<u>See also</u> <u>Penry v. Johnson</u>, 532 U.S. 782, 792-93 (2001); <u>Williams v. Taylor</u>, 529 U.S. 362 (2000); <u>Lockhart v. Terhune</u>, 250 F.3d 1223, 1229 (9th Cir. 2001).  If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims.  <u>Delgadillo v. Woodford</u>, 527 F.3d 919, 925 (9th Cir. 2008).  <u>See</u>

1  also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we

2  may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error,

3  we must decide the habeas petition by considering de novo the constitutional issues raised.").

4          The court looks to the last reasoned state court decision as the basis for the state

5  court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  See also Barker v.

6  Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated

7  a claim, we analyze the last reasoned decision").  If the last reasoned state court decision adopts

8  or substantially incorporates the reasoning from a previous state court decision, this court may

9  consider both decisions to ascertain the reasoning of the last decision.  Edwards v. Lamarque,

10  475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  Where the state court reaches a decision on the

11  merits but provides no reasoning to support its conclusion, a federal habeas court independently

12  reviews the record to determine whether habeas corpus relief is available under § 2254(d).

13  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167

14  (9th Cir. 2002).  When it is clear that a state court has not reached the merits of a petitioner's

15  claim the AEDPA's deferential standard does not apply and a federal habeas court must review

16  the claim de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

17          Here, it is not clear from the record which state court gave the last reasoned

18  opinion in reviewing the Board's denial of parole, nor has either party provided a full copy of any

19  reasoned opinion from a state court.  The court will therefore review the petitioner's claims de

20  novo.

21  II.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

22          The Due Process Clause of the Fourteenth Amendment prohibits state action that

23  deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

24  due process violation must first demonstrate that he was deprived of a liberty or property interest

25  protected by the Due Process Clause and then show that the procedures attendant upon the

26  deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

1  490 U.S. 454, 459-60 (1989).

2       A protected liberty interest may arise from either the Due Process Clause of the

3  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

4  expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

5  221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

6  Constitution does not, of its own force, create a protected liberty interest in a parole date, even

7  one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

8  Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

9  person to be conditionally released before the expiration of a valid sentence.").  However, a

10  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

11  will be granted" when or unless certain designated findings are made, and thereby gives rise to a

12  constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

13       California's parole scheme gives rise to a liberty interest in parole protected by the

14  federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

15  Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout,131 S.

16  Ct. at 861-62 (finding the Ninth Circuit's holding in this regard to be a reasonable application of

17  Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout

18  v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.")

19  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or

20  her current dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re

21  Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

22       In Swarthout, the Supreme Court reviewed two cases in which California

23  prisoners were denied parole – in one case by the Board, and in the other by the Governor after

24  the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that

25  when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

26  requires fair procedures, "and federal courts will review the application of those constitutionally

4

1   required procedures." Id. at 862.  The Court concluded that in the parole context, however, "the

2   procedures required are minimal" and that the "Constitution does not require more" than "an

3   opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

4   Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

5   decisions that went beyond these minimal procedural requirements and "reviewed the state

6   courts' decisions on the merits and concluded that they had unreasonably determined the facts in

7   light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

8   the application of the "some evidence" standard to parole decisions by the California courts as a

9   component of the federal due process standard.  Id. at 862-63.

10   III.  Petitioner's Claims

11        A.  Due Process

12           Petitioner seeks federal habeas relief on the grounds that the Board's 2010

13   decision to deny him parole and the findings upon which that denial was based were not

14   supported by "some evidence," as required under California law.  However, after the Supreme

15   Court's decision in Swarthout, it is clear that the question of whether the Board reasonably

16   applied California's "some evidence" standard in a prisoner's parole hearing does not give rise to

17   a claim for federal habeas relief.  Swarthout, 131 S. Ct. at 862-63; see also Miller v. Oregon Bd.

18   of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court

19   held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process

20   right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of

21   reasons for a parole board's decision[.]"); Pearson, 639 F.3d at 1191 ("While the Court did not

22   define the minimum process required by the Due Process Clause for denial parole under the

23   California system, it made clear that the Clause's requirements were satisfied where the inmates

24   'were allowed to speak at their parole hearings and to contest the evidence against them, were

25   afforded access to their records in advance, and were notified as to the reasons why parole was

26   denied.'")

1    In this case, the habeas petition and exhibits attached thereto show that petitioner

2    was represented by counsel at his 2010 parole suitability hearing.  The record also establishes

3    that petitioner was given the opportunity to be heard at the hearing and received a statement of

4    the reasons why the Board panel decided to deny him parole.  See Transcript at 10, 32-36

5    (attached as an exhibit to the petition).  Petitioner thus received all the process due him under the

6    Constitution.  Swarthout, 131 S. Ct. at 862.  His petition should be dismissed.[1]

7    B.  Petitioner's Ex Post Facto Challenge to Marsy's Law

8    Petitioner claims that the Board's decision to set his next parole hearing ten years

9    in the future was the result of a change in California Penal Code § 3041.5(b)(2)[2] that the Board

10   "used and applied illegally [and] in retaliation."  Pet. at unnumbered page 6.  Petitioner's

11   allegation of "retaliation" by the Board is vague, implausible and unsupported by any statement

12   of fact in the petition.  It therefore does not state a cognizable habeas claim.

13   To the extent petitioner is claiming, as respondent suggests he might, that the

14   application of Marsy's Law in setting the date of his next parole eligibility hearing violated the

15   Ex Post Facto Clause of the U.S. Constitution, he again fails to state a cognizable habeas claim.

16   Under the version of California Penal Code § 3041.5(b)(2) that existed prior to the enactment of

17   "Marsy's Law," indeterminately-sentenced inmates were denied parole for one year unless the

18   Board found, with stated reasons, that it was unreasonable to expect that parole could be granted

19   the following year, in which case the subsequent hearing could be extended up to five years.  Cal.

20   Pen. Code § 3041.5(b)(2) (2008).  However, at his 2010 parole hearing, petitioner was subject to

21   the terms of the amended statute, which authorizes denial of a subsequent parole hearing for up

22

23   [1] Petitioner also vaguely alleges the Board violated his right to substantive due process.
     However, the Ninth Circuit has stated that in light of Swarthout, "there is no substantive due
24   process right created by California's parole scheme."  Roberts v. Hartley, 640 F.3d 1042, 1046
     (9th Cir. 2011).

25
     [2] The change to California Penal Code § 3041.5(b)(2) resulted from the passage of
26   Proposition 9 in 2008.  The statutes enacted and statute modifications made pursuant to
     Proposition 9 are collectively known as "Marsy's Law."

6

1   to fifteen years. Id. § 3041.5(b)(3) (2010).

2        The federal Constitution provides that "No State shall . . . pass any . . . ex post

3 facto Law." U.S. Const. art. I, § 10.  A law violates the Ex Post Facto Clause of the Constitution

4 if it:  (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a

5 crime's punishment greater than when the crime was committed; or (3) deprives a person of a

6 defense available at the time the crime was committed.  Collins v. Youngblood, 497 U.S. 37, 52

7 (1990).  The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of

8 crimes or increase the punishment for criminal acts."  Himes v. Thompson, 336 F.3d 848, 854

9 (9th Cir. 2003) (quoting Souch v. Schaivo, 289 F.3d 616, 620 (9th Cir. 2002)).  See also Cal.

10 Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is also violated

11 if: (1) state regulations have been applied retroactively to a defendant; and (2) the new

12 regulations have created a "sufficient risk" of increasing the punishment attached to the

13 defendant's crimes.  Himes, 336 F.3d at 854.  Not every law that disadvantages a defendant is a

14 prohibited ex post facto law.  The retroactive application of a change in state parole procedures

15 violates ex post facto only if there exists a "significant risk" that such application will increase

16 the punishment for the crime.  See Garner v. Jones, 529 U.S. 244, 259 (2000).

17        Previous amendments to California Penal Code § 3041.5 allowing for longer

18 periods of time between parole suitability hearings, have been upheld against challenges that they

19 violated the Ex Post Facto Clause.  See California Department of Corrections v. Morales, 514

20 U.S. 499, 509 (1995) (1981 amendment to § 3041.5, which increased maximum deferral period

21 of parole suitability hearings to five years did not violate the Ex Post Facto Clause because it

22 simply altered the method of setting a parole release date and did not create a meaningful "risk of

23 increasing the measure of punishment attached to the covered crimes"); Watson v. Estelle, 886

24 F.2d 1093, 1097-98 (9th Cir. 1989) (not a violation of the Ex Post Facto Clause to apply §

25 3041.5(b)(2)(A) to prisoners sentenced to life imprisonment prior to the implementation of

26 California's Determinate Sentence Law in 1977); Clifton v. Attorney General Of the State of

1    California, 997 F.2d 660, 662 n.1 (9th Cir. 1993) (same).  See also Garner, 529 U.S. at 249

2    (upholding Georgia's change in the frequency of parole hearings for prisoners serving life

3    sentences, from three to eight years, in an action brought pursuant to 42 U.S.C. § 1983).

4            Recently the Ninth Circuit overturned a district court decision granting

5    preliminary injunctive relief to plaintiffs in a class action seeking to prevent the Board from

6    enforcing the increased deferral periods established by Marsy's Law.  Gilman v.

7    Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011).  The court concluded that plaintiffs had failed to

8    demonstrate a significant risk that their incarceration would be prolonged by application of

9    Marsy's Law, and thus found that plaintiffs had not established a likelihood of success on the

10   merits of their ex post facto claim.

11           These cases support the conclusion that application of Marsy's Law to

12   indeterminately sentenced prisoners like petitioner does not violate the federal constitutional

13   prohibition against ex post facto laws.  The court finds that any claim to the contrary should

14   therefore be dismissed for failure to state a cognizable habeas claim.

15           Accordingly, IT IS HEREBY RECOMMENDED that:

16           1.  The motion to dismiss (Docket No. 14) be granted.

17           2.  The petition be denied and this case closed.

18           These findings and recommendations are submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

20   one days after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23   shall be served and filed within fourteen days after service of the objections.  Failure to file

24   objections within the specified time may waive the right to appeal the District Court's order.

25   Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

26   1991).

1    In any objections he elects to file, petitioner may address whether a certificate of

2  appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

3  11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

4  certificate of appealability when it enters a final order adverse to the applicant); Hayward v.

5  Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

6  appealability to review the denial of a habeas petition challenging an administrative decision

7  such as the denial of parole by the parole board).

8   Dated: January 12, 2012

9

10  _____
    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

11

12

13

14  3
    kish3101.157

15

16

17

18

19

20

21

22

23

24

25

26