IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA KISHOR | No. 2:10-cv-3101 MCE CKD P |
| Petitioner, | |
| vs. | <u>ORDER</u> |
| GARY SWARTHOUT | |
| Respondent. | |
| _____/ | |

      Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. On March 29, 2012, the court adopted the findings and recommendations of the magistrate judge, agreeing with the magistrate that all claims in the petition should be denied. The court differed, however, as to the reason for denying petitioner's ex post facto challenge to California's "Marsy's Law," California Penal Code § 3041.5(b)(2)[1]. The magistrate judge recommended that petitioner's ex post facto challenge be denied on the merits. <u>See</u> Findings and Recommendations at 6-8.

---

[1] The change to California Penal Code § 3041.5(b)(2) resulted from the passage of Proposition 9 in 2008. The statutes enacted and statute modifications made pursuant to Proposition 9 are collectively known as "Marsy's Law."

1  The court held that it need not reach the merits because "[petitioner] is a member of the class
2  already prosecuting this cause of action in Gilman v. Fisher, No. Civ. S-05-830-LKK-GGH.
3  Petitioner thus cannot simultaneously prosecute the instant claim here."  Order at 2 (Dkt. No. 22).
4  The court entered judgment against petitioner but did not rule on whether he was entitled to a
5  certificate of appealability pursuant to 28 U.S.C. § 2253(c).  Petitioner has since filed motions
6  seeking the grant of a certificate of appealability.

7  The court denied petitioner's Marsy's Law claim on the ground that it was
8  procedurally barred by the pre-existence of the Gilman class.  When a habeas claim is denied on
9  procedural grounds, a certificate of appealability "'should issue if the prisoner can show: (1) 'that
10 jurists of reason would find it debatable whether the district court was correct in its procedural
11 ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid
12 claim of the denial of a constitutional right.'" Patel v. Swarthout, No. 2:09-cv-02923-MCE-
13 CMK-P, 2011 WL 346297 at *1 (E.D.Cal. Feb. 1, 2011) (quoting Morris v. Woodford, 229 F.3d
14 775, 780 (9th Cir.2000) (quoting Slack v. McDaniel, 529 U.S. 473 (2000))).

15 The court finds that the Gilman class action is a clear bar to petitioner's bid to
16 maintain an individual action for equitable relief from the California parole authority's
17 application of Marsy's Law against his request for parole.  His challenge to Marsy's Law
18 therefore does not meet the first condition necessary for a certificate of appealability, cited above.
19 Furthermore, petitioner has not made a substantial showing of the denial of a constitutional right
20 as to any other claim asserted in his petition.  See 28 U.S.C. § 2253(c)(3).  His request for a
21 certificate of appealability will be denied.
22 ///
23 ///
24 ///
25 ///
26 ///

1   IT IS THEREFORE ORDERED that the motion for a certificate of appealability
2   (Dkt. No. 25) is denied.  All other motions for a certificate of appealability (Dkt. Nos. 18 and 27)
3   are moot.

Dated:  September 7, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE